# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| LUTRON ELECTRONICS,<br><br>Plaintiff,<br><br>v.<br><br>CRESTRON ELECTRONICS, a New Jersey corporation, FACE GROUP, a Utah Corporation, LAVA, a Utah Corporation, and AUDIO VISION SYSTEMS, a Utah Limited Liability Company,<br><br>Defendants. | **ORDER AND MEMORANDUM DECISION DENYING DEFENDANTS' MOTIONS TO SEVER AND TRANSFER**<br><br>Case No. 2:09-cv-00707-DB-BCW<br><br>Judge Dee Benson<br><br>Judge Brooke C. Wells |

This matter is before the Court on Defendants' Motion to Sever and Motion to Transfer.[1] Defendants seek to sever Plaintiff's claims against Defendant Crestron Electronics, Inc., pursuant to Rule 21[2] and then transfer the claims to the District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Defendants further request that the Court then stay the action against Defendants Lifestyle Electronics, Lava Corp. and AudioVision Systems (AVS) pending Lutron Electronic's claims against Crestron in New Jersey. As outlined below, the Court DENIES Defendants' motions.

## I. BACKGROUND

Lutron has filed suit against Defendants alleging that certain Crestron products infringe five Lutron patents.[3] Three of the Defendants, Lifestyle, Lava and AVS are Utah based customers of Crestron (the Utah Defendants). They purchase Crestron products and then install them in their clients' homes and offices.

---

[1] Docket nos. 21 and 24.
[2] *See* Fed. R. Civ. P. 21.
[3] The five Lutron patents are: U.S. 5,982,103 (the '103 patent); U.S. 5,905,442 (the '442 patent); U.S. 5,949,200 (the '200 patent); U.S. 6,969,959 (the '959 patent); and U.S. D465,460 (the '460 patent).

Lutron's headquarters are in Coopersburg, Pennsylvania, about 100 miles away from Crestron's headquarters in Rockleigh, New Jersey. The U.S. District Court for the District of New Jersey has courthouses much closer to Lutron's and Crestron's headquarters than the courthouse located in this district. But, Lutron notes that the District of New Jersey has no personal jurisdiction over Utah Defendants Lifestyle, Lava, and AVS because they do not reside in that district or have sufficient contacts with that district. Thus, according to Lutron, this action could not have been filed in the District of New Jersey because that district lacks personal jurisdiction over the Utah Defendants. The Utah Defendants, however, "are in favor of severing Crestron and transferring Lutron's action against Crestron to New Jersey."[4] Further, the Utah Defendants agree to be bound by the disposition the New Jersey court reaches as to the infringement and validity if Lutron's action against Crestron is transferred.[5]

## II. DISCUSSION

A motion to transfer is governed by 28 U.S.C. §1404 (a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[6] "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"[7] "The party moving to transfer a case pursuant to §1404(a) bears the burden of establishing that the existing forum is

---

[4] Mem. in supp. p. vi.
[5] Westra Dec., Ex. B, ¶¶ 8-9; Largey Dec., Ex. C, ¶¶ 8-9; Barnes Dec., Ex. D, ¶¶ 8-9.
[6] 28 U.S.C. 1404(a).
[7] *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. 612, 622 (1964)).

inconvenient."[8] "But §1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants, even if they consent to suit there."[9] And, "[m]erely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue."[10]

In determining whether to transfer this matter, the Court must first determine whether this action could have been brought in the proposed transferee district, the District of New Jersey. Next, the Court must consider whether it is for the convenience of the parties and witnesses and in the interest of justice to transfer this matter. This is an individualized case-by-case determination[11] and the Tenth Circuit has set forth some helpful factors that this court considers in making its determination. These factors include: the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory processes to insure witness attendance; the cost of making the necessary proof; questions regarding the enforceability of a judgment if one is obtained; the relative advantages and obstacles to a fair trial; difficulties arising from congested dockets; the possibilities of questions arising from the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other practical considerations that make a trial easy, expeditious and economical.[12]

**I. Could This Action Be Brought in the District of New Jersey?**

Here, it is clear this action could not have been brought in the District of New Jersey. The three Utah Defendants have insufficient ties to New Jersey to allow personal

---

[8] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).
[9] *Id.*
[10] *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).
[11] *See Stewart Org. v. Ricoh Corp.*, 487 U.S.22, 29 (1988).
[12] *Chrisler*, 928 F.2d at 1516; *see also Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

jurisdiction over them. Thus, on this basis alone it would be appropriate to deny Crestron's motions. Crestron, however, seeks to overcome this problem by arguing that severance under Rule 21 is proper in this case.

Rule 21 provides that a "court may at any time, on just terms, add or drop a party [and] may also sever any claim against a party."[13] Severance and transfer has occurred in patent cases,[14] and the 2nd Circuit has stated that Rule 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance."[15] "[W]here the administration of justice would be materially advanced by severance and transfer, a district court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against the other defendants."[16] But, as noted by the Tenth Circuit in *Chrysler Credit Corp.*[17] severance and transfer is only appropriate on rare occasions.[18] As outlined below, the Court finds severance in this case is not in the interest of justice.

## II. The Convenience of the Parties and Witnesses and the Interests of Justice

As noted above there are a number of factors that are helpful in deciding whether transfer is appropriate in this case. Not all are relevant to the instant action but the Court considers the following factors as they are presented in this case.

A. Plaintiff's choice of forum

---

[13] Fed. R. Civ. P. 21.
[14] *See American Tel. & Tel. Co v. Milgo Electronic Corp.*, 428 F.Supp. 50, 55 (D.C.N.Y. 1977) (granting defendant's motion to transfer with respect to two plaintiffs where it would serve the convenience of the parties and witnesses and would be in the interests of justice); *Ferri v. United Aircraft Corp.*, 357 F.Supp. 814, 818 (D.C.Conn.1973) (finding transfer and severance proper because the defendant customers of an allegedly infringing manufacturer were only peripherally involved in a patent infringement action).
[15] *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2nd Cir. 1968).
[16] *Id.*
[17] 928 F.2d at 1519.
[18] *See id.*; 3A *Moore's Federal Practice* ¶ 21.05[2] at 43044 (severance and transfer under Rule 21 and § 1404(a) appropriate on rare occasions).

The Tenth Circuit has long held that "unless the evidence and the circumstances of the case are strongly in favor of the transfer the plaintiff's choice of forum should not be disturbed."[19] Thus, "'[u]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed.'"[20]

Here, Lutron made the choice to bring this action in Utah so presumably it should be given great weight. Defendant, however, argues Lutron's choice of forum should be given little weight because although "some allegedly infringing products have been sold in Utah, courts have been loath to find that such sales create a significant connection to the forum, particularly where these same products have been sold across the country."[21] But, contrary to Crestron's arguments, the sale of some product is not the only connection to this forum. Lutron has already litigated two cases in this District regarding patents that are at issue in the instant matter. The benefits from the previous litigation is not as strong if this case were being tried by the same judges in the other matters, but much of "Lutron's documents and physical evidence [is] already in Utah"[22] due to the previous litigation. Thus there is some advantage to litigating in this forum. The Court finds this factor does not weigh in favor of transfer.

B. Accessibility of witnesses

Both parties argue this factor weighs in favor of their position. Crestron states that the "majority of the evidence and witnesses are located within 100 miles of the federal courthouse in Newark, New Jersey at Crestron's headquarters . . . and at

---

[19] *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).
[20] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).
[21] Mem. in supp. p. 5; *see, e.g., LG Elecs. Inc. v. First Int'l Computer*, 128 F.Supp.2d 574, 590 (D.N.J.2001); *Ricoh Co. v. Honeywell, Inc.*, 817 F.Supp. 473, 482 (D.N.J. 1993).
[22] Op. p. 2.

Lutron's headquarters."[23]  Lutron counters arguing the inventors of an alleged prior art patent listed in Defendants own Answer are from Illinois.  Further, other witness are located in different states across the country including Utah.  Thus, according to Lutron, "[p]otential witnesses come from all over the United States."[24]

Having reviewed the documents submitted by the parties, the Court finds that there is no inherent advantage to shifting this litigation to New Jersey.  While there appear to be some witnesses located in the greater New Jersey area, other witnesses are scattered across the United States.  "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue."[25]  Therefore, this factor does not weigh in favor of transfer.

C.  Congested dockets

Defendants own evidence tends to undermine its position in regard to congested dockets.  Defendants state "Federal judges in Utah averaged 434 actions per judge in 2008, while New Jersey averaged only slightly more – 454."[26]  While this difference is minimal, it still weighs against transfer.

D.  Other factors

As noted by Defendant "there are no unique matters of local law that require resolution in this case."[27]  Further, as to the remaining factors, based upon the evidence before the Court, they appear neutral in their support of transferring this matter.

---

[23] Mem. in supp. p. 2.
[24] Op. p. 5.
[25] *Scheidt*, 956 F.2d at 966.
[26] Mem. in supp. p. 6.
[27] *Id.* at 6.

## CONCLUSION

Accordingly, based upon the foregoing, Defendants have failed to meet their burden to show that it is for the convenience of the parties and witnesses, and in the interest of justice to transfer this matter. It is therefore ORDERED that Defendants' Motion to Sever and Motion to Transfer are DENIED.

IT IS SO ORDERED this 13th day of April, 2010.


BY THE COURT:

_____
Magistrate Judge Brooke C. Wells