# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LUTRON ELECTONICS CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> CRESTRON ELECTRONICS, INC., et al., <br><br> Defendants. | Case No. 2:09 cv 707 DB <br><br> **ORDER DENYING MOTION TO BIFURCATE TRIAL AND DISCOVERY ON LIABILITY AND DAMAGES** <br><br> Judge Dee Benson <br><br> Magistrate Judge Brooke C. Wells |

Defendants, Crestron Electonics, Inc., Lifestyle Electronics, Lava Corp. and AudioVision Systems, ask this Court to bifurcate trial and discovery on the issues of liability and damages pursuant to Fed. R. Civ. P. 42(b).[1] Defendants further seek a stay of discovery on damages until after the questions of liability are resolved. The moving Defendants allege that bifurcation is appropriate in this case. The Court disagrees and DENIES Defendants' motion.[2]

Federal Rule 42(b) provides that "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."[3] A trial court has considerable discretion in

---

[1] Docket no. 35; Fed. R. Civ. P. 42(b).
[2] After carefully reviewing the written memoranda submitted by the parties, the Court has concluded that oral argument is unnecessary and decides the motion on the basis of the written memoranda. *See* DUCivR 7-1(f) (2009).
[3] Fed. R. Civ. P. 42(b) (2009).

deciding whether or not to bifurcate.[4] As noted by Defendants, Rule 42(b) has been used to bifurcate liability and damages in patent cases.[5] But, "[t]he potential complexity of the issues in patent litigation, and the proof of liability, are not peculiar to that field of law . . . ."[6] And, it is not uncommon in patent infringement cases to try all issues in a single trial.[7] Thus, "'Bifurcation in patent cases, as in others, is the exception, not the rule.'"[8] Finally, the moving party bears the burden of establishing that bifurcation is warranted.

Generally, in deciding whether bifurcation is appropriate a court looks to "'judicial efficiency, judicial resources, and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury.'"[9]

Here Defendants contend that this case is complex and "[t]rying liability and damages as part of a single trial in a complex patent case such as this one would overwhelm a jury."[10] According to Defendants, Lutron is asserting five patents with over two hundred claims that deal with difficult electrical engineering concepts. By resolving liability in this case before damages, Defendants assert, that this case will be resolved more expeditiously with less strain on the parties and the Court. This will also help the parties and reduce the possibility of prejudice to the

---

[4] *See* *Angelo v. Armstrong World Industries,Inc.*, 11 F.3d 957, 965 (10th Cir. 1993).
[5] *See, e.g.*, *T.J. Smith & Nephew Ltd. v. Deseret Medical*, 1985 U.S. Dist. LEXIS 12785 (D.Utah 1985).
[6] *T.J. Smith & Nephew Ltd. v. Deseret Medical*, 1985 U.S. Dist. LEXIS 12785 at *3.
[7] *See, e.g., Gaus v. Conair Corp.*, 2000 WL 1277365 *3 (S.D.N.Y. 2000); *Caterpillar, Inc. v. Deere & Co.*, 1997 WL 17798 at *1 (N.D.Ill. 1997); *Home Elevators, Inc. v. Millar Elevator Serv. Co.*, 933 F.Supp. 1090, 1091-92 (N.D.Ga. 1996).
[8] *WeddingChannel.com Inc. v. The Knot Inc.*, 2004 WL 2984305 at *1 (S.D.N.Y. 2004) (quoting *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D.Ill. 2000)).
[9] *Phillip M. Adams & Assoc., L.L.C. v. Sony Elecs., Inc.*, 2010 WL 149855 at *1 (D.Utah 2010) (quoting *York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir. 1996)).
[10] Mem. in supp. p. 2.

Defendants.

Lutron opposes bifurcation.  Lutron argues that the issues of willfulness and damages overlap with issues of liability, so bifurcation will only serve to waste judicial resources and cause prejudice to Lutron.  Courts routinely reject bifurcation where there are overlapping issues such as those in this case.[11]  Addtionally, Defendants have failed to demonstrate that this case is an exceptional case that warrants bifurcation.  And finally, any "Quantum dilemma" Defendant Crestron may face between disclosing or not disclosing its opinions of counsel does not justify bifurcation.  The Federal Circuit has resolved this so called dilemma in *Knorr-Bremse Systeme Fuer Nutzfahrzeuge v. Dana Corp.*[12] by holding that there is no longer an adverse inference from an alleged infringer's failure to obtain an opinion of counsel.

As noted by another court, "It is precisely because the issues of willfulness, liability and damages generally overlap that bifurcation remains the exception in patent cases, rather than the rule."[13]  Here, the Court finds there are overlapping issues that are not clearly separable and that there is significant overlap in evidence.  The Court further finds that convenience and economy will be served by a single trial.  A single trial usually lessens the delay, expense, and inconvenience to all parties.[14]  Such is the case here.

Finally, the Court finds Defendants will not be prejudiced by a single trial.  It is not

---

[11] *See, e.g., Real* 195 F.R.D. at 624 (holding bifurcation was not warranted due in part to overlapping issues that would require evidence to be presented to two separate juries in two trials); *DSM Desotech, Inc. v. 3D systems Corp.*, 2008 WL 4812440 (N.D.Ill. 2008).
[12] 383 F.3d 1337 (Fed. Cir. 2004).
[13] *DSM Desotech, Inc.* 2008 WL 4812440 at *6.
[14] *See* 5 *Moore's Federal Practice* § 42.03[1] at 42-37 to 42-38 (2d ed. 1982).

unusual for a multi-defendant civil case to contain complex issues where evidence may only apply to some parties. Limiting instructions pertaining to evidence that may relate to damage calculations are available if appropriate. It is therefore ORDERED that Defendants' motion to bifurcate trial and discovery on liability and damages is DENIED.

DATED this 19th day of May, 2010.

Brooke C. Wells
United States Magistrate Judge