IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LUTRON ELECTRONICS CO., INC., <br><br>Plaintiff, <br><br>v. <br><br>CRESTRON ELECTRONICS, INC. et al., <br><br>Defendants. | **MEMORANDUM DECISION and ORDER** <br><br><br>Case No. 2:09-cv-00707 CW <br><br>Judge Clark Waddoups |

## INTRODUCTION

This matter is before the court on the defendants'[1] Motion to Bifurcate for Trial the Patent from the Non-Patent Claims. Besides asserting claims for patent infringement, plaintiff Lutron Electronics Co., Inc. ("Lutron") also has asserted claims for copyright infringement, false advertising, and trade secret misappropriation. Crestron seeks to bifurcate the patent claims from the non-patent claims. For the reasons discussed below, the court concludes that bifurcation is appropriate.

## ANALYSIS

Rule 42(b) of the Federal Rules of Civil Procedure permits a district court to bifurcate claims and counterclaims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Under this rule, district courts are afforded broad discretion to determine whether bifurcation is appropriate. *United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th

---

[1] The defendants are Crestron Electronics, Inc. ("Crestron"); Face Group, Inc., D.B.A. Lifestyle Electronics; Lava Corp.; and Audio Vision Systems, LLC.

Cir. 2010). "'While separation of issues for trial is not to be routinely ordered, it is important that it be encouraged where experience has demonstrated its worth.'" *Angelo v. Armstrong World Indus.*, 11 F.3d 957, 964 (10th Cir. 1993) (quoting Fed. R. Evid. 42(b) advisory committee's note). Claims may be bifurcated, however, only when "the issues are clearly separable." *Madeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) (quotations and citation omitted). Additionally, "bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Angelo*, 11 F.3d at 964 (citation omitted).

Lutron has three remaining patent claims,[2] and seven non-patent claims. The patent and non-patent claims are "clearly separable" because they involve different facts and legal elements. Moreover, of the sixteen disclosed expert witnesses in this case, only one will testify on both the patent and non-patent claims. That witness, however, has given one opinion for the patent claims and a separate opinion for the non-patent claim. Thus, the expert's opinions do not overlap and are separable. There is overlap regarding the fact witnesses, but that is largely because upper-management at Crestron has factual knowledge pertaining to each of the claims. While such witnesses will have to be called twice to testify if this case is bifurcated, the court concludes the inconvenience does not rise to the level of prejudice to Lutron.

The most significant factor for the court, however, is based on the complexity of the case. The substantive differences and potential for juror confusion are appreciable. Based on the court's experience, bifurcation will aid in management of this case and presentation before the jury. Given the court's heavy calendar, bifurcation also will afford the court sufficient time to address the five

---

[2] The number of remaining patent and non-patent claims is based on the parties' representation that they intend to dismiss claims and counterclaims related to the '959, '128, and '764 patents, along with claims for alleged trademark infringement and certain trade secret violations.

pending motions for summary judgment and the twelve *Daubert* motions. The court concludes these benefits outweigh any detriment that may arise from not resolving all claims in one trial. Accordingly, the court hereby bifurcates the patent from the non-patent claims.

## CONCLUSION AND SCHEDULING ORDER

For the reasons stated above, the court GRANTS Crestron's motion to bifurcate.[3] Claims and counterclaims for the '103, '442, and '460 Patents shall proceed to trial on September 9, 2013.[4] The remaining non-patent claims, including claims for copyright infringement, trade secret misappropriation, and false advertising, are hereby stayed.[5]

Additionally, the court sets the following schedule to hear the motions pending on the patent claims.

| **Date** | **Motion** |
| --- | --- |
| June 7, 2013 at 8:30 a.m. | Motions for Summary Judgment and Motion to Strike (Dkt. Nos. 408, 424, and 487). |
| June 19, 20, and 21, 2013 at 8:30 a.m.[6] | *Daubert* Motions (Dkt. Nos. 555, 556, 557, 569, and 570). |

---

[3] Dkt. No. 606.

[4] Specifically, Claims 1, 2, and 6 in Lutron's Fourth Amended Complaint and Crestron's Counterclaims 1, 2, 6, 9, 10, 14, and 15 shall proceed to trial, but Counterclaim 15 shall be tried only to the court and not the jury.

[5] This stay does not apply to the claims and counterclaims the parties have agreed to dismiss.

[6] If it is necessary to extend the hearing until June 21, 2013, the court's current calendar only allows for oral argument until 12:00 p.m.

DATED this 14th day of May, 2013.

                    BY THE COURT:

                    _____
                    Clark Waddoups
                    United States District Judge